McGREGOR W. SCOTT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>                    v.<br><br>JOSE GARCIA-ZAMORA,<br><br>                         Defendant. | CASE NO.  1:19-CR-00169-NONE-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE:  December 16, 2020<br>TIME:  1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for status conference on December 16, 2020.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and subsequent and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any
2  pretrial continuance must be "specifically limited in time").

3  **STIPULATION**

4  Plaintiff United States of America, by and through its counsel of record, and defendant, by and
5  through defendant's counsel of record, hereby stipulate as follows:

6  1.  By previous order, this matter was set for status on December 16, 2020.

7  2.  By this stipulation, defendant now moves to continue the status conference until March
8  31, 2021, and to exclude time between December 16, 2020, and March 31, 2021, under 18 U.S.C.
9  § 3161(h)(7)(A), B(iv) [Local Code T4].

10  3.  The parties agree and stipulate, and request that the Court find the following:

11  a)  The government has represented that the discovery associated with this case
12  includes investigative reports, cellular telephone data, surveillance camera photographs and
13  videos.  All of this discovery has been either produced directly to counsel and/or made available
14  for inspection and copying.

15  b)  Counsel for defendant desires additional time to consult with his client, conduct
16  further investigation, and potentially pursue a resolution of the case.

17  c)  Counsel for defendant believes that failure to grant the above-requested
18  continuance would deny him the reasonable time necessary for effective preparation, taking into
19  account the exercise of due diligence and the current pandemic as well as its effects on defense
20  counsel's access to his client.

21  d)  The government does not object to the continuance.

22  e)  Based on the above-stated findings, the ends of justice served by continuing the
23  case as requested outweigh the interest of the public and the defendant in a trial within the
24  original date prescribed by the Speedy Trial Act.

25  f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
26  et seq., within which trial must commence, the time period of December 16, 2020 to March 31,
27  2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code
28  T4] because it results from a continuance granted by the Court at defendant's request on the basis

of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  December 3, 2020                                    McGREGOR W. SCOTT
                                                           United States Attorney


                                                           /s/ JUSTIN J. GILIO
                                                           JUSTIN J. GILIO
                                                           Assistant United States Attorney


Dated:  December 3, 2020                                    /s/ ROGER BONAKDAR
                                                           ROGER BONAKDAR
                                                           Counsel for Defendant
                                                           JOSE GARCIA-ZAMORA


**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:   **December 4, 2020**                    /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT